UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARYN AGOSTINO, an individual

    Plaintiff,

v.                                    Case No: 2:17-cv-236-FtM-99CM

LEE COUNTY BOARD OF COUNTY
COMMISSIONERS,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on review of Defendant Lee County Board of County Commissioners' Motion to Dismiss. (Doc. 15). Plaintiff Caryn Agostino has filed an Opposition to Defendant's Motion to Dismiss. (Doc. 16). For the following reasons, the Court grants the motion with leave to amend.

## **BACKGROUND**

This case involves alleged workplace age discrimination. Agostino worked for Lee County as a Fiscal Manager of Public Safety. (Doc. 1 at ¶¶ 9-10). At the time in question, she was three years shy of retiring with full pension benefits. (*Id.* at ¶ 10). During her fifteen-year tenure, she did not have a negative performance review. (*Id.* at ¶ 9).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

In December 2015, Agostino's supervisor, Robert Farmer, had knee replacement surgery. (*Id.* at ¶ 11). The next month, he started working part-time at home while recuperating. (*Id.* at ¶ 12, Doc. 1-3). But Farmer emailed Agostino telling her to pay his normal salary and to stop using his sick and vacation time. (Doc. 1 at ¶¶ 13-14, Doc. 1-3 at 2-3). Agostino responded, "Do you want me to use your sick or vacation time for part of the day if you are part time?" (Doc. 1-3 at 2). Farmer replied no. (*Id.*) After the exchange, Farmer allegedly treated Agostino differently. (Doc. 1 at ¶ 15). According to Agostino, Farmer talked to her subordinate on budget matters instead of her, and he excluded her from meetings. (*Id.* at ¶¶ 16-17).

Three months after Farmer's surgery, Agostino's salary came to a head. Agostino requested a salary increase from Farmer because she allegedly earned less than her counterparts were and worked the job of two. (*Id.* at ¶¶ 19-20, 22). But her request went unanswered. (*Id.* at ¶ 23).

Fast-forward another two months when matters worsened for Agostino. On May 31, Farmer told her "the Public Safety Department was 'going in a new direction' under his supervision and that she 'no longer fit into the plans' he had for the department because she was considered 'old school.'" (*Id.* at ¶ 24). He also allegedly told Agostino that she had ten days to resign or he would fire her. (*Id.* at ¶ 25). That same day, Agostino's computer access was withdrawn, she was locked out of her office, and she had to cede her office key and building access card. (*Id.* at ¶¶ 26-28). Farmer also emailed several Lee County employees to say, "Effective immediately, Caryn Agostino has stepped down from the department and her position as Fiscal Manager for Public Safety. In the interim, Jen Fenske will step up and assume her responsibilities." (*Id.* at

¶ 29; Doc. 1-5). Fenske was thirty years old with allegedly "no training as to the tasks and responsibilities of Agostino's position." (Doc. 1 at ¶ 30).

Agostino remained on administrative leave for the next few weeks. (*Id.* at ¶ 32). But she ultimately resigned because Farmer allegedly "made it clear that she was not wanted in 'his' department and that he would force her out of 'his' department." (*Id.* at ¶ 33). And there were no equivalent positions available for her in Lee County. (*Id.* at ¶ 34). Agostino's resignation was actually early retirement, which resulted in her receiving eighty-five percent of her pension benefits, reduced Social Security benefits, and pricier insurance. (*Id.* at ¶ 37).

As a result, Agostino brings this four-count action for age discrimination and constructive discharge under the Age Discrimination and Employment Act ("ADEA") and the Florida Civil Rights Act of 1992 ("FCRA"). (Doc. 1). Lee County now moves to dismiss the Complaint. (Doc. 15).

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged

misconduct.  See *Iqubal*, 556 U.S. at 678.  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

## DISCUSSION

As stated, Agostino brings two counts of age discrimination under the ADEA and FCRA and two counts of constructive discharge under the same statutes.  Lee County moves to dismiss the counts for failure to state a claim and for being duplicative.  (Doc. 15).  The Court will address Lee County's arguments in turn.

**A.  Counts I and II: Age discrimination**

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  A plaintiff pursuing a claim under the ADEA can establish discrimination with direct or circumstantial evidence.  See *Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 917 (11th Cir. 2015).  To establish discrimination based on circumstantial evidence, as here, the *McDonnell Douglas* burden-shifting framework controls.  See *id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973)).  The plaintiff's *prima facie* case is the first step in the framework.  This requires the plaintiff to show that she (1) is over forty years old; (2) was subject to an adverse employment action; (3) was replaced by a younger individual; and (4) was qualified to do the job.  See *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000).[2]

---

[2] "Courts employ the same analysis when evaluating age discrimination claims under the ADEA and FCRA.  See *Cardelle v. Miami Beach Fraternal Order of Police*, 593 F. App'x

4

"To withstand a motion to dismiss, however, a plaintiff asserting discrimination under ADEA . . . need not allege specific facts establishing a *prima facie* case of the employer's liability." *Castillo*, 603 F. App'x at 917 (internal citations omitted). According to the Eleventh Circuit, the *McDonnell Douglas* "burden-shifting analysis is an evidentiary standard, not a pleading requirement, and thus it applies only to summary judgment motions and beyond." *Id.* That does not mean a plaintiff can skirt a motion to dismiss. The Eleventh Circuit made clear that, "in order to avoid dismissal, a plaintiff's complaint must provide enough factual matter (taken as true) to suggest intentional . . . discrimination." (internal quotations and citations omitted). *Id.*; *see also Townsend v. Hilton Worldwide, Inc.*, No. 8:16-CV-990-17JSS, 2016 WL 6518437, at *6 (M.D. Fla. Nov. 1, 2016) (stating a "[p]laintiff need not allege facts supporting each element of the *prima facie* case," but that she "must allege sufficient facts 'to support intentional [age] discrimination'" (internal quotation and citations omitted)).

Here, Plaintiff has alleged that she was over forty and qualified for her job when she was replaced by a thirty-year old. But her factual allegations end there for stating a plausible claim of intentional age discrimination. According to Agostino, she has shown a pattern of age discrimination. This pattern includes Farmer excluding her from meetings and communicating with her subordinate. (Doc. 16; Doc. 1 at ¶¶ 15-17). But Farmer's alleged behavior followed Agostino questioning him about his pay while he was recuperating. Even the most favorable reading of those allegations has no connection to Agostino's age. Likewise, Agostino states that her salary was unequal to Lee County's

---

898, 901 n.6 (11th Cir. 2014) (citing *Zaben v. Air Prods. & Chems., Inc.*, 129 F.3d 1453, 1455 n.2 (11th Cir. 1997)).

other fiscal managers. Although she identifies that she was treated differently, she fails to provide facts showing the difference was because of her age. (Doc. 1, Doc. 1-4).

Agostino's most convincing allegation is Farmer labeling her "old school." (Doc. 1 at ¶ 24). "Although some courts have held that the term 'old-school' could suggest age discrimination when combined with other evidence or allegations, the term alone is insufficient to support an inference of age discrimination." *Brazill v. Cal. Northstate Coll. of Pharmacy, LLC*, No. CIV. 2:12-1218 WBS GGH, 2012 WL 3204241, at *4 (E.D. Cal. Aug. 2, 2012); *see also Ratachie v. AmeriCredit Fin. Servs., Inc.*, No. CV-11-01351-PHX-PGR, 2012 WL 4951218, at *5 (D. Ariz. Oct. 17, 2012) (finding an age discrimination claim to be "very minimally sufficient to plausibly suggest that the plaintiff was entitled to relief for age discrimination" where his supervisors twice referred to his ideas as "old school" and he received "two written reprimands for conduct that younger members of his team also engaged in without reprimand"). Here, Farmer calling Agostino "old school" is alone insufficient. To the extent she relies on Farmer's other alleged discriminatory behavior – *e.g.*, prefacing his "old school" statement with explaining that his department was "going in a new direction" and that she "no longer fit into the plans" – neither statement supports an inference of age discrimination.

The Court, therefore, grants Lee County's motion to dismiss as to Counts I and II of the Complaint. But it will grant her leave to amend.

**B.    Counts III and IV: Constructive discharge**

In addition to age discrimination, Agostino brings two claims for constructive discharge under the ADEA and FCRA. According to her, the hostile work environment, shame, and embarrassment forced her to resign from her position. (Doc. 1 at ¶¶ 35-36).

The threshold to prove constructive discharge is "quite high" – even "higher than the standard for proving a hostile work environment." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1231 (11th Cir. 2001). "In evaluating constructive discharge claims, [courts] do not consider the plaintiff's subjective feelings. Instead, [they] employ an objective standard." *Id.* To succeed on a constructive discharge claim, a plaintiff must show "that working conditions were so intolerable that a reasonable person in [her] position would have been compelled to resign." *Id.* (internal quotations omitted); *see also Hellums v. Webster Indus., Inc.*, 97 F. Supp. 2d 1287, 1296 (M.D. Ala. 2000) ("To succeed on an ADEA claim based on constructive discharge, a plaintiff must make a twofold showing: 'that the employer's actions were impermissibly motivated by the plaintiff's age, and that these actions made the plaintiff's working conditions so intolerable that resignation is deemed involuntary.'" (citations omitted)), *aff'd* 251 F.3d 162 (11th Cir. 2001).

Here, Agostino makes the conclusory statement – with nothing more – that her work conditions were so intolerable that she had no choice but to resign. Not only do the allegations fall short of showing that Lee County was motivated by Agostino's age, but they also do not even rise to the level of a hostile work environment. And she further fails to state facts showing that a reasonable person in the same situation would find her working conditions intolerable. Even drawing all reasonable inferences in Agostino's favor, she has failed to provide facts sufficient to state a constructive discharge claim.

The Court, therefore, grants Lee County's motion to dismiss Counts III and IV of the Complaint. But it will grant her leave to amend.

**C. Other grounds for dismissal**

As further grounds for dismissal, Lee County argues that the age discrimination claims are duplicative of the constructive discharge claims. At this stage, the Court disagrees. Although there is overlap between the standards for intentional age discrimination and constructive discharge claims, they are not *per se* duplicative. Without more factual allegations, the Court cannot say Agostino's age discrimination and constructive discharge claims are duplicative.

Finally, Lee County argues that the plain language of the FCRA precludes a claim for punitive damages. The Court, however, will not dismiss the Complaint on that ground under Rule 12(b)(6). Other procedural remedies are more appropriate to address the issue of punitive damages.

Accordingly, it is now

**ORDERED:**

(1) Lee County Board of County Commissioners' Motion to Dismiss (Doc. 15) is **GRANTED**.

(2) Caryn Agostino may file an amended complaint on or before **July 24, 2017**. **Failure to do so will result in this case being dismissed without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of July 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record